UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. FOSTER,<br><br>         Plaintiff,<br><br>    v.<br><br>T. AKIN, et al.,<br><br>         Defendants. | CASE NO. 1:14-cv-1222-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

His complaint is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He names the

following individuals as Defendants in their individual and official capacities: (1) John Doe No. 1, Director of the California Department of Corrections and Rehabilitation ("CDCR"); (2) John Doe No. 2, CSATF Warden; (3) D. Goss, CSATF Correctional Lieutenant; (4) John Doe No. 3, CSATF Correctional Lieutenant; (5) John Doe Nos. 4 and 5, CSATF Associate Wardens; (6) R. Tolson, CSATF Correctional Captain and Associate Warden; (7) T. Akin, CSATF Correctional Lieutenant; and (8) J. Garza, CSATF Correctional Officer.

Plaintiff's allegations can be summarized essentially as follows:

On Sunday, March 3, 2013, Plaintiff was playing cards at a table in the recreation area of the Sensitive Needs Yard ("SNY") when an inmate named Lopez came up behind him, hit him in the jaw, and knocked him unconscious. Lopez also repeatedly kicked Plaintiff while Plaintiff was on the ground. As a result, Plaintiff suffered a broken mandible and had two steel plates implanted in his mouth.

Prior to this incident, Defendants Goss, Tolson, Akin and Does Nos. 3, 4 and 5 validated inmates Lopez, Montez, Crane, and Cervantes as members or associates of a SNY disruptive group called "2-5." These inmates were deemed to be a threat to the safety and security of the institution, but were not immediately removed from the SNY general population, in violation of Title 15 of the California Code of Regulations. Defendants' failure to remove the validated inmates from the general population resulted in the assault on Plaintiff.

Defendant Doe No. 2 carried out a policy and practice of allowing members of the 2-5 disruptive group to remain in the general population. Defendant Does Nos. 1 and 2 ignored assaults on inmates by members of the group prior to the March 3, 2013, incident involving Plaintiff. Defendant Does Nos. 1 and 2 also failed to train staff to relocate validated inmates to the Segregated Housing Unit, as required by Title 15.

Defendant Garza allowed inmate Lopez access to the recreation yard on March 3, 2013, immediately prior to the incident involving Plaintiff. Garza knew Lopez had been

validated and was a "C over C status inmate" who was not permitted in the recreation yard on weekends. Garza saw Lopez headed away from Lopez's housing unit, but did order Lopez to return to his housing.

Plaintiff alleges that Defendants' failure to protect against the assault constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages.

## IV. ANALYSIS

### A. Official Capacity

Plaintiff names each defendant in their individual and official capacities.

"Official capacity" suits require that a policy or custom of the governmental entity is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Plaintiff has raised official capacity allegations against Defendant Does Nos. 1 and 2 based on their failure to train, supervise, implement policy, and prevent constitutional violations. He has not raised official capacity allegations against any other defendant.

However, Plaintiff seeks only money damages as a remedy. Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

Because Plaintiff seeks only damages, he does not state a cognizable claim against Defendants in their official capacities. Plaintiff will be given leave to amend. If he chooses to do so, he may seek only prospective relief against defendants named in their official capacities. Any such allegations must be based on the governmental entity's policy or custom.

*///*

*///*

4

### B.    Supervisory Liability

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Defendants may only be held liable for their own misconduct. Plaintiff must show that each Defendant participated in the violations, or knew of the violations and failed to act. As described below, he has failed to do so. Plaintiff will be given leave to amend.

### C.    Failure to protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 481 (1995). Thus, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is objectively, sufficiently serious and, (2) the prison

1 officials had a sufficiently culpable state of mind, acting with deliberate indifference."
2 Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (internal quotations and citation
3 omitted).

4     Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d 1051,
5 1060 (9th Cir. 2004). To allege deliberate indifference, the plaintiff must allege facts
6 sufficient to support a claim that prison officials knew of and disregarded a substantial
7 risk of serious harm. Farmer, 511 U.S. at 847. Where the alleged violation involves an
8 assault by another inmate, "[t]he standard does not require that the guard or official
9 believe to a moral certainty that one inmate intends to attack another at a given place at
10 a time certain before that officer is obligated to take steps to prevent such an assault."
11 Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (internal quotations and citation
12 omitted). However, "he must have more than a mere suspicion that an attack will occur."
13 Id. (citation omitted).

14     Plaintiff has not alleged facts to indicate that any named Defendant was aware
15 that inmate Lopez posed a specific threat to Plaintiff.[1] Thus, Plaintiff does not allege
16 facts to support a claim that Defendants knowingly failed to protect him from harm in
17 violation of the Eighth Amendment.

18     If Plaintiff chooses to amend, he must allege facts showing Defendants' knowing
19 disregard of a substantial risk of serious harm to Plaintiff. He must describe the risk,
20 explain how it arose and how Defendants were made aware of it, and how its threat grew
21 into an actual risk of harm, and then harm, to Plaintiff.

22     **D.    Failure to train**

23     A supervisor's failure to train subordinates may give rise to individual liability
24 under § 1983 where the failure amounts to deliberate indifference to the rights of
25 persons with whom the subordinates are likely to come into contact. Canell v. Lightner,

---

[1] Plaintiff also alleges that three other inmates – Montez, Crane, and Cervantes – were validated as members or associates of the 2-5 disruptive group. However, he does not allege that these inmates participated in the attack or posed a specific threat to Plaintiff. Accordingly, he does not state a cognizable claim with regard to Defendants' failure to protect him from these inmates.

143 F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214. See also City of Canton v. Harris, 489 U.S. 378, 387-90 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Plaintiff alleges that Defendant Does Nos. 1 and 2 failed to train the other defendants, but does not allege facts that suggest these Defendants deliberately provided inadequate training, policies and supervision for the purpose of creating a constitutional violation. Plaintiff will be given leave to amend.

### E.     California Regulations

To the extent Plaintiff wishes to allege violations of Title 15 of the California Code of Regulations governing conduct of prison officials, the existence of the Title 15 regulations does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

Plaintiff may not bring an independent claim solely for violation of prison regulations set out in Title 15. Leave to amend such a claim is futile and will be denied on that basis.

### V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his complaint, filed August 4, 2014;

2. Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

8

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   September 29, 2014       /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE